UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02269-JRS-MJD |
| | ) |
| WINDSTREAM TECHNOLOGIES, INC. | ) |
| and DANIEL BATES, | ) |
| | ) |
| Defendants. | ) |

**Order on Motion for Summary Judgment**

### I.   Introduction and Background

This is a loan default case.  The facts are not in dispute:

In 2013 and 2014, Defendant Windstream Technologies, Inc., an experimental renewable energy company, borrowed roughly $2 million from GBC International Bank.  The loans were backed by guarantees on both sides.  Defendant Daniel Bates, Windstream's president and CEO, signed as personal guarantor of Windstream's obligations, and the United States, through the Export-Import Bank of the United States, agreed partially to indemnify GBC should Windstream fail to repay.

Windstream and Bates defaulted.  The U.S. paid GBC according to its guarantee, and in return GBC assigned to the U.S. its rights under the loan.  Now the U.S. seeks to collect.  Windstream and Bates owe some $4.8 million, as of this writing, in principal, interest, and late interest.  The sum mounts daily.  So far as this Court has been able to determine, there are no bankruptcy proceedings in train.

Now before the Court is the United States' unopposed Motion for Summary Judgment, (ECF No. 33).

## II. Legal Standard

"Summary judgment is appropriate where the admissible evidence shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Here, there is no genuine dispute of material fact: Bates, in his Response to Requests for Admission, has acknowledged that the loans were made to Windstream and that he guaranteed them. (Bates' Resp. Admissions 1-7, ECF No. 33-2.) He admits of the loan that, quite simply, "the company ran out of money, and [he] doesn't have $2 million, plus accrued interest, to pay it." (Bates' Dep. 14, ECF No. 33-1.) Neither Bates nor Windstream filed a response to the U.S.' motion for summary judgment.

Even so, "a failure to file a timely response to such a motion is not a basis for automatically granting summary judgment . . . . [T]he movant 'still ha[s] to show that summary judgment was proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)). Facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts).

### III. Discussion

Given the open-and-shut nature of this case, the U.S.'s brief, unsurprisingly, is light on legal citation. It cites to *SFG Com. Aircraft Leasing, Inc. v. N59CC, LLC*, No. 3:09 CV 101 PPS, 2010 WL 883764 (N.D. Ind. Mar. 8, 2010), as an example of another case in which creditors brought a summary judgment motion against debtors who contested neither liability nor damages. The court there did not cite to law, either. *Id.* at *2. It reasoned simply that the creditor

> met its burden. It has presented evidence demonstrating that [it loaned to the debtor], and [the debtor] has failed to repay the loan pursuant to the parties' agreements. And [the guarantors] executed personal guarantees for the entire loan amount. But they too have failed to repay the loan pursuant to these agreements.

*Id.* The Court adopts that reasoning here. The United States has introduced all relevant loan documents, including the personal guarantee by Bates and the assignment of the loan from GBC to the Export-Import Bank. (*See generally* ECF No. 33-1 to -22.) Defendants do not contest the liability or damages established by those documents; the Court will enforce the parties' agreement according to its terms.

### IV. Conclusion

There being no dispute on either the facts or the legal consequences flowing from them, the United States' Motion for Summary Judgment, (ECF No. 33), is **granted.**

Judgment shall issue separately.

No further claims remaining between the parties, **this case is closed.**

**SO ORDERED.**

Date: 10/13/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.